IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

               v.                           12-CR-235-A

DIJAON BLAND,

              Defendant.

_____


### PLEA AGREEMENT


The defendant, DIJAON BLAND, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.


## I.   THE PLEA AND POSSIBLE SENTENCE


1.   The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base), for which the mandatory minimum term of imprisonment is five (5) years and the maximum possible sentence is a term of imprisonment of forty (40) years, a fine of $5,000,000, a mandatory $100 special assessment and a term of supervised release of at least four (4) years and up to life.  The defendant understands that the penalties set forth in

this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.    The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to the charge in the Information.

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to three (3) years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

4.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that

an agreement existed between two or more persons to commit a controlled substance felony offense; that the defendant knew of the existence of the agreement; that the defendant intended to participate in the unlawful agreement; and that at least twenty-eight (28) grams of cocaine base was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

5.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Between in or about July 2011 and on or about January 20, 2012, the defendant conspired with DeWayne Gray ("Gray") and others, known and unknown, to possess with the intent to distribute, and to distribute, at least twenty-eight (28) grams of cocaine base.  During this time, the defendant was active in a narcotics distribution organization which was managed by Gray.  The defendant obtained cocaine base from Gray as well as other individuals.  The defendant sold cocaine base at a house located at 42 Memorial Drive, Buffalo, New York, which was a premises maintained by Gray for the purpose of manufacturing and distributing cocaine base.  The defendant sold cocaine base in $50.00 to $100.00 quantities.

b.   At least 28 grams but less than 112 grams of cocaine base is the amount involved in the defendant's relevant conduct encompassed in the Indictment which could be readily proven by the government against the defendant.

## III.  SENTENCING GUIDELINES

6.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.   The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(7) apply to the offense of conviction and provide for a base offense level of **26**.

### ACCEPTANCE OF RESPONSIBILITY

8.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees, if applicable, to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b) which would result in a total offense level of **23**.

### CRIMINAL HISTORY CATEGORY

9.   It is the understanding of the government and the defendant that the defendant's criminal history category is **IV**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this

-4-

action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of **23** and criminal history category of **IV**, the defendant's sentencing range would be a term of imprisonment of **70 to 87** months, a fine of **$10,000 to $5,000,000**, and a period of supervised release of **4 to 5 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ **1** of this agreement.

11. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall

also relieve the government from any agreements to dismiss or not pursue additional charges.

12.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   **STATUTE OF LIMITATIONS**

13.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

14. The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

    d.    advocate at sentencing consistent with the terms of this agreement.

15. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   **APPEAL RIGHTS**

16.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **10**, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

17.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

18.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised

release set forth in Section III, ¶ 10 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

## VII.  <u>COOPERATION</u>

19.  The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture,  distribution or importation of controlled substances.  The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

20.  The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in local,

state and federal courts in jurisdictions which have agreed to abide by this agreement.

21.   In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

22.   Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

23.   Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at

sentencing to depart downward from the Guidelines level at least **3 levels** as provided for in Guidelines § 5K1.1 and/or the imposition of a sentence below a mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e), which, if granted by the Court, would result in a total offense level of **20** and a sentencing range of **51 to 63** months imprisonment.   The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

24.   The defendant understands that the government retains the discretion to make a motion only as provided for in Guidelines § 5K1.1 or only under Title 18, United States Code, Section 3553(e).

25.   This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.   This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

26.   It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no

further crimes.  It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.  Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

27.  In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right:  (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

28.  In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the

Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence.   In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

29.   If the "Cooperation" section of this agreement is declared breached by the Court:

a.   the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.   the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.   the defendant has no right to withdraw the plea of guilty;

d.   the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.   the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.   Furthermore, the defendant agrees not

to assert the statute of limitations as a defense
to any criminal offense involving or related to the
unlawful possession, manufacture, distribution or
importation of controlled substances  which is not
time barred as of the date of this agreement.  This
waiver shall be effective for a period of six
months following the date upon which the Court's
order declaring the agreement breached by the
defendant becomes final.

30.  At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court.  The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement.  In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

31.  The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

32.   This plea agreement represents the total agreement between the defendant, DIJAON BLAND, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:   _____
MICHAEL L. McCABE
Assistant U.S. Attorney

Dated: August ___, 2013

I have read this agreement, which consists of 15 pages.   I have had a full opportunity to discuss this agreement with my attorney, Nathaniel Barone, Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.

_____        _____
DIJAON BLAND                     NATHANIEL BARONE, ESQ.
Defendant                        Attorney for Defendant

Dated: August ___, 2013          Dated: August ___, 2013